UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LAURA WALDON, ) | |
| ) | |
| Intervenor-Plaintiff, ) | 3:10-cv-000049 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| ALASKA HOUSING FINANCE CORP., ) | [Re:   Motion at doc. 48] |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 48, defendant Alaska Housing Finance Corporation ("AHFC") moves to dismiss the claims of intervenor plaintiff Laura Waldon ("Waldon"), alternatively to limit her ability to introduce evidence in support of her claims, or failing either of those remedies to allow for further discovery and extend the time for dispositive motions as a sanction for Waldon's conduct in this litigation.  The time for responding to the motion has run, and Waldon has not done so.

## II.  BACKGROUND

This case was commenced by the United States, which filed suit against AHFC on behalf of Laura Waldon for alleged violations of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("Act").[1]  The underlying dispute arose because Ms. Waldon's family composition qualified her to receive a voucher for a one-bedroom apartment, but she sought three bedrooms as a reasonable accommodation for her disability.  Initially, her request had been approved by AHFC, but when Waldon sought a

---

[1]Doc. 1.

renewal, AHFC determined that she needed only a two-bedroom apartment–one bedroom for Ms. Waldon, one bedroom for her live-in helper, but no bedroom for her exercise equipment.  The United States' claims were resolved by a consent decree which the court approved.[2]  The consent decree required AHFC to follow a reasonable accommodation policy, provide training, and make certain reports.  With respect to Waldon specifically, the decree requires AHFC to continue providing Waldon with a three-bedroom voucher.[3]

The consent decree was filed on September 3, 2010.  It gave Waldon sixty days to intervene on her own behalf if she wished to do so.  After Waldon sought and received multiple extensions of time to file a motion to intervene, her motion was granted.[4]  Thereafter, the court entered a scheduling order which, *inter alia*, provided that discovery would close on September 9, 2011.[5]  AHFC commenced discovery, and Waldon sought and received an extension of time to respond to its interrogatories, requests for production, and requests for admissions.[6]

After Waldon failed to appear for her deposition on September 1, 2011, AHFC moved to extend the time for completion of discovery, compel her to attend her deposition, and to provide responses to written discovery prior to the deposition.  The court extended the deadline for discovery, ordered Waldon to provide discovery responses by October 10, 2011, and ordered her to appear for her deposition the week of October 17, 2011.[7]  Waldon's failure to provide responses to the written discovery requests and her failure to appear for her deposition have given rise to the motion for sanctions at docket 48.

---

[2]Doc. 10.

[3]*Id.*

[4]Doc. 25.

[5]Doc. 31.

[6]Doc. 35.

[7]Doc. 46.

### III.  DISCUSSION

Mr. Clement's affidavit filed at docket 49 in support of the motion for sanctions establishes that AHFC served its written discovery requests on Waldon on July 28, 2011.  A very incomplete response was provided on August 31, 2011, as detailed by Mr. Clement.  Waldon then failed to appear for her deposition in direct violation of the court's order that she do so.  From Mr. Clement's affidavit, it also appears that Waldon refused to communicate with him when he tried to assure her attendance at the deposition.

Before imposing a case dispositive sanction such as AHFC requests, this court must consider five criteria: the public interest in prompt conclusion of litigation; need to manage the court's docket; risk of prejudice to the party asking for the sanction; policy favoring disposition of disputes on their merits; and suitability of less drastic sanctions.[8]  Here, the record of delay and recalcitrance by Waldon, coupled with the significant duration of this litigation which has been kept alive even after it was settled by the original plaintiff, convincingly shows that the first three factors support imposition of a case dispositive sanction.  However, the fourth factor weighs against doing so.  Moreover, at present the fifth factor appears to be the most significant, for less drastic sanctions can be imposed, and they should be sufficient to redress or at least reduce AHFC's concerns.  Specifically, the court will order Waldon to respond fully to all the written discovery requests forthwith and to appear for her deposition after AHFC's lawyer has had a reasonable time in which to review her responses.

If Waldon fails to comply with the court's order, it will be the second time she has failed to comply with a court order.  Should that circumstance arise, then the court would very likely find that the only appropriate sanction would be to dismiss with prejudice any claims Waldon may have which arise from or relate in any way to the matters raised in the United States' complaint.

---

[8] *Connecticut General Life Ins. Co. v. New Images* of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, the motion at docket 48 is **GRANTED in part** as follows: Notwithstanding that the deadline for discovery has passed, Waldon shall (1) truthfully and completely respond to all of AHFC's outstanding discovery requests no later than **November 28, 2011**, and (2) Waldon shall appear for her deposition at a mutually agreeable time and location on or before **December 14, 2011**, and if the parties cannot agree, then at **9:00 AM** on **December 14, 2011**, in the offices of defense counsel.

If Waldon does comply with this order, the deadline for dispositive motions is extended to January 9, 2012.  If Waldon does not comply with this order, Waldon is **WARNED** that the court will very likely dismiss her claims with prejudice and without further notice to her.

On **December 15, 2011**, counsel for AHFC shall file a notice advising whether Waldon provided discovery responses and whether she appeared for her deposition.

DATED this 14th day of November 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE